## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DREAMING CODE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CONDODOMAIN.COM, LLC, and ANTHONY J. LONGO, JR., <br><br> Defendants. | **Civil Action No. 10-cv-11051** |

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441(a), 1441 (b), 1441(c) and 1446(a), Defendants CondoDomain.com, LLC and Anthony J. Longo, Jr. hereby remove to this Court <u>Dreaming Code, Inc. v. CondoDomain.com, LLC and Anthony J. Longo, Jr.</u>, Superior Court Civil Action No. 10-2341-E, which was filed in the Superior Department of the Trial Court, Commonwealth of Massachusetts, Suffolk county.

In support of removal, Defendants states:

1. A Complaint in this action was filed on June 10, 2010. The Defendants were served on June 11, 2010. A copy of all the case materials available to the Defendants, including the Complaint, is attached hereto as Exhibit A.

2. Pursuant to 28 U.S.C. § 1338(a), the federal district courts have exclusive jurisdiction over copyright cases.

3. Jurisdiction under § 1338(a) extends to cases in which a well-pleaded complaint establishes that federal law creates the cause of action or that the plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal law.  <u>Max-Planck-Gesellschaft ZUR Foerderung Der Wissenschaften E.V. v. Wolf Greenfield & Sacks, PC</u>, 661 F. Supp. 2d 125 (D. Mass. 2009) <u>citing</u> <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 809 (1988) (discussing jurisdiction of cases involving questions of patent law).

4.     In this action, Plaintiff asserts a variety of claims against Defendants, including misappropriation and unauthorized use of Plaintiff's "intellectual property" and "proprietary content."  In particular Count Six of the Complaint asserts a "Conversion / Misappropriation" claim against Condo Domain claiming that Condo Domain "without privilege or right, converted to its own use…other property, including, but not limited to the proprietary content, design, files, software and code that operates the Condo Domain website belonging to the plaintiff."

5.     What Plaintiff is alleging, without saying so, is a violation of its copyrights. Other sections of the Complaint confirm this:

- "The defendants also copied the plaintiff's proprietary content and code…in contravention of the plaintiff's intellectual property rights…" (Complaint ¶ 1, p. 3.)

- "Dreaming Code, and not Condo Domain, owns all Intellectual Property Rights, in and to the Dreaming Code Technology, including the software and code that operates the Condo Domain website for which Condo Domain has…now transferred to a third party host."  (Complaint ¶ 121, p. 25)

- "Despite multiple verbal and written demands, Condo Domain…has continued to use Dreaming Code's proprietary intellectual property."  (Complaint ¶ 124, p. 25.)

6.     There will be no way to determine whether Condo Domain engaged in the "Conversion / Misappropriation" alleged by Plaintiff without determining (1) who owns the underlying works (e.g., "proprietary content, design, files, software and code that operates the Condo Domain website"); (2) whether Condo Domain copied the underlying works; and (3) whether any such copies are substantially similar to works of Plaintiff.  These are the

fundamental questions of copyright infringement.  <u>CMM Cable Rep v. Ocean Coast Props.</u>, 97 F.3d 1504, 1513 (1st Cir. 1996).

7. Plaintiff's right to relief thus necessarily depends on resolution of a substantial question of federal law.  As such, this case is removable pursuant to 28 U.S.C. § 1441(a) and (b), regardless of citizenship of the parties.

8. Although Plaintiff alleges claims arising under state and common law, this entire case may also be removed under 28 U.S.C. § 1441(c).

9. A true copy of this Notice of Removal will be filed with the Clerk of the Superior Court of Massachusetts, Suffolk County.

10. This Petition for Removal is being filed within thirty days of the Defendants' receipt of service of the Complaint.  Thus, it is timely filed under 28 U.S.C. § 1446(b) and <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc</u>, 526 U.S. 344 (1999).

11. Filing this removal is not and should not be deemed a waiver of any defense that may be available to the Defendants.

WHEREFORE, defendants, CondoDomain.com, LLC and Anthony J. Longo, Jr., hereby remove this action from the Superior Court of the Commonwealth of Massachusetts to this Court.

Date:  June 21, 2010

Respectfully submitted,

CondoDomain.com, LLC and Anthony J. Longo, Jr.

by their attorneys,

/s/ Ilan N. Barzilay
Ilan N. Barzilay (BBO #643978)
ibarzilay@seyfarth.com
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA  02210
617.946.4800 phone
617.946.4801 fax

4

12432249v.1

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 21, 2010 copies of the above document were served by email and by hand upon counsel for the Plaintiff,

    Seth H. Salinger (BBO #555426)
    53 Langley Road
    Suite 270
    Piccadilly Square
    Newton, MA  02459
    Telephone # (617) 244-7630
    Fax # (617) 244-7640
    Sethsal@gmail.com

    Robert Keough (BBO # 564535)
    CUMSKY & LEVIN, LLP
    6 University Road
    Cambridge, MA  02138
    Telephone # (617) 492-9700
    Fax # (617) 492-9020
    RKeough@CumskyLevin.Com

and by hand service upon the designated service location of the Trustee Defendant,

    Bank of America, N.A.
    60 State Street
    Boston, MA 02108

                                        /s/ Ilan N. Barzilay